DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, David C. Sherman, appeals the judgment of the Elyria Municipal Court, which denied his motion to vacate the court's May 26, 2005 judgment against appellant. This Court affirms.
 I. {¶ 2} Appellant is an attorney, who was representing appellee, Betty Cooley, in a separate medical malpractice action in another court. Appellee filed a small claims complaint against appellant, alleging that he intimidated her into paying $1,925.00 despite her understanding that she would not have to pay anything to appellant until he won her case. Appellee further alleged that appellant withdrew from representation in her medical malpractice action, leaving her case "hanging" without enough time to obtain alternate counsel.
 {¶ 3} The magistrate heard the matter on March 3, 2005, and issued his decision on March 25, 2005. The magistrate recommended the dismissal of appellee's legal malpractice claim as premature, and an award of $925.00 to appellee for breach of appellant's fiduciary duty.[1] On April 13, 2005, nineteen days after the filing of the magistrate's decision, appellant requested leave to file objections. Appellant requested leave to file his untimely objections because he did not receive a copy of the decision until March 30, 2005, and he had pressing deadlines in other cases. On May 26, 2005, the trial court denied appellant's request for leave to file his untimely objections, finding that unspecified "pressing deadlines" did not constitute excusable neglect. In the same judgment entry, the trial court adopted the magistrate's decision, ordered the dismissal of appellee's legal malpractice claim without prejudice as premature, and entered judgment in favor of appellee on her remaining claims in the amount of $925.00.
 {¶ 4} On June 27, 2005, appellee requested that a financial disclosure form be sent to appellant because the judgment had not yet been satisfied. On the same day, the magistrate ordered that appellant complete and return the financial disclosure form within seven days of receipt thereof. On July 11, 2005, appellee requested a contempt hearing because appellant had not completed and returned the financial disclosure form. The magistrate scheduled the contempt hearing for July 28, 2005.
 {¶ 5} On July 26, 2005, appellant filed a notice of his late receipt of the financial disclosure form due to his vacation absence from his office. He further filed a request to stay the proceedings for thirty days because he intended to file a motion regarding the case. On August 2, 2005, the magistrate filed a decision in which he recommended denial of the stay and that the proceedings in aid of execution go forward as scheduled. The magistrate found that appellant's assertion that he was preparing an unidentified "motion regarding this case, which requires time to research and defend against both an improper hearing and unfair decision" was insufficient to justify a stay. The trial court adopted the magistrate's decision the same day and entered an order denying appellant's motion for a stay of execution.
 {¶ 6} On August 16, 2005, appellant filed objections to the magistrate's decision which recommended denial of his request for a stay. In those objections, however, appellant continued to assert the impropriety of the magistrate's March 25, 2005 decision regarding the merits of appellee's claims. On August 18, 2005, appellant filed amended objections, reiterating the substance of his prior objections and asserting that he was in the process of preparing a motion to vacate pursuant to Civ.R. 60(B). On August 19, 2005, the trial court overruled appellant's objections, readopted the magistrate's August 2, 2005 decision, and denied appellant's motion for stay. The trial court expressly found that appellant's assertion that he was in the process of preparing a motion pursuant to Civ.R. 60(B) did not constitute grounds to justify a stay. The trial court further found that objections to the underlying judgment could not be considered in proceedings in aid of execution.
 {¶ 7} On November 29, 2005, appellant filed a motion to vacate the judgment of March 25, 2005 pursuant to Civ.R. 60(B)(1), (3) and (5), asserting his disagreement with the magistrate's findings and conclusions, the court's denial of his request to file untimely objections, and the judgment in favor of appellee. On December 2, 2005, the trial court denied appellant's motion to vacate, finding that appellant had neither timely objected to the magistrate's decision nor filed an appeal. Upon its finding that a motion to vacate pursuant to Civ.R. 60(B) is not a substitute for a timely appeal and that the matters raised by appellant could have been raised on appeal, the trial court found that appellant had failed to allege operative facts in support of his motion or to merit an evidentiary hearing. Appellant timely appeals, raising six assignments of error for review. This Court consolidates some assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING AND BY [sic] TO FOLLOW PROPER PROCEDURES AND DID NOT COMPLY WITH CIV.R. 53, OVERLOOKING AND SUPPORTING THE MAGISTRATE'S NUMEROUS IMPROPRIETIES, BY RELYING ON HIS MISREPRESENTATIONS OF THE FACTS AND MISREPRESENTATIONS OF THE LAW AND HIS CONCLUSIONS AND REFUSING TO REVIEW OR TO CONSIDER APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION, REGARDLESS OF THE MERITS, AND BY THE COURT'S ADOPTING THE MAGISTRATE'S ERRONEOUS FINDINGS OF FACT AND LAW, WHICH WERE CLEARLY CONTRARY TO WHAT THE MAGISTRATE CONTENDED AT THE HEARING. THE TRIAL COURT REACHED A RESULT TOTALLY DEVOID OF JUSTICE AND FAIR PLAY.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY PREJUDICIALLY ACKNOWLEDGING PLAINTIFF/APPELLEE'S FALSE AND UNSUBSTANTIATED VERSION OF THE FACTS, PRESENTED AS FACTUAL AND EMBELLISHED BY THE MAGISTRATE, BEYOND AND IN CONTRADICTION TO WHAT WAS ACTUALLY SAID AT THE HEARING, AND BY TOTALLY OMITTING FROM HIS DECISION, APPELLANT'S RESPONSE AND TESTIMONY TO THOSE ALLEGATIONS."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR LEAVE TO FILE HIS OBJECTIONS 5 DAYS LATE, BY CLAIMING THAT APPELLANT DID NOT DEMONSTRATE EXCUSABLE NEGLECT, AND BY IGNORING AND NOT CONSIDERING THE FACT THAT THE COURT CAUSED THE 5 DAY DELAY BY MAILING THE DECISION LATE, LEAVING APPELLANT ONLY 9 DAYS TO RESPOND AND TO DEFEND AGAINST MULTIPLE FALSE ACCUSATIONS FROM BOTH APPELLEE AND THE MAGISTRATE, AND TO RESEARCH THE MAGISTRATE'S MISREPRESENTED CITATIONS, WHICH DID NOT HOLD WHAT HE ASSERTED, AND WHICH WERE IN CONTRDICTION TO WHAT HE SAID AT THE HEARING."
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ADOPTING THE MAGISTRATE'S DECISION WITHOUT GIVING ANY CONSIDERATION TO APPELLANT'S MERITORIOUS OBJECTIONS, AS THE TRIAL COURT HAD A DUTY TO DETERMINE EVEN IF NO OBJECTIONS WERE FILED, WHETHER THERE WAS AN OBVIOUS ERROR OF LAW OR OTHER DEFECTS ON THE FACE OF THE DECISION, AND NOT TO SIMPLY `RUBBER-STAMP' A MAGISTRATE'S DECISION, WHICH IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR V
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION UNDER [CIV.R.] 60(B) WHEN APPELLANT HAD A MERITORIOUS DEFENSE, FOR THE REASON THAT THE FACTUAL AND LEGAL BACKGROUND OF THIS CASE WAS REFLECTED IN THE COURT'S OWN TRANSCRIPTS OF THE HEARING, WHICH CLEARLY INDICATED SAID JUDGMENT WAS IN ERROR, AGAINST THE WEIGHT OF THE EVIDENCE, PREJUDICIAL, WRONGFULLY AND ILLEGALLY ENTERED AGAINST APPELLANT-SHERMAN."
 {¶ 8} Appellant argues that the trial court erred in the following ways: by failing to conduct an independent review of the magistrate's March 25, 2005 decision; by adopting the magistrate's March 25, 2005 decision notwithstanding the magistrate's improper findings of fact and conclusions of law; by denying appellant's motion for leave to file untimely objections; by "rubber-stamping" the magistrate's March 25, 2005 decision because the magistrate's findings of fact were against the manifest weight of the evidence; and by denying appellant's motion to vacate the judgment pursuant to Civ.R. 60(B) where the underlying judgment against appellant "is clearly invalid, based not only on the law but on common sense." This Court disagrees.
 {¶ 9} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} Civ.R. 60(B) states, in relevant part.
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment order or proceeding was entered or taken."
 {¶ 11} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that,
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
The moving party's failure to satisfy any of the three requirements will result in the motion being overruled. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 12} It is well settled that "a motion for relief from judgment, filed pursuant to Civ.R. 60(B), is not a substitute for a timely perfected appeal." Morgan Auto Paint Co. v. Glassner
(Apr. 17, 2002), 9th Dist. No. 20811, citing Doe v. TrumbullCty. Children Servs. Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. This Court has stated that "Civ.R. 60(B) sets forth the exclusive procedure for collaterally attacking a voidable judgment. This mechanism is limited since a motion to vacate is a special proceeding which is not to be employed as a substitute for an appeal." Thomas v. Fick (June 7, 2000), 9th Dist. No. 19595.
 {¶ 13} We further explained that "where a movant attempts to challenge the substance of a judgment through Civ.R. 60(B), the motion must be filed within the period for appeal or risk being dismissed as a mere substitute for appeal." Id., quoting Crim.v. Adult Parole Auth. (Sept. 10, 1997), 9th Dist. No. 96CA006602.
 {¶ 14} This Court further stated in Thomas, supra:
"[I]n Ward v. Hengle (May 19, 1999), 9th Dist. Nos. 19199 and 19430, this Court addressed a situation in which the appellant had failed to specify any Civ.R. 60(B) ground for relief in his motion. We stated that the `[Civ.R.] 60(B) motion was nothing more than a challenge to the legal correctness of the trial court's [decision]. Such a challenge should have been raised on appeal, but the [appellant] failed to raise it.' Id. Accordingly, because the appellant had failed to assert any basis for relief under Civ.R. 60(B), this Court found no abuse of discretion on the part of the trial court in refusing to vacate its judgment. Id. In so doing, this Court reasoned that the `errors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment.' Id., quotingKelm v. Kelm (1992), 73 Ohio App.3d 395, 399."
 {¶ 15} This Court finds the same rationale applicable to the instant matter. Appellant filed untimely objections to the magistrate's March 25, 2005 decision. Civ.R. 53(E)(3)(a) expressly provides that a party may file objections within fourteen days of the date of the filing of the magistrate's decision, not the mailing or receipt of the decision. Civ.R. 6(B) provides in relevant part that the trial court, in its discretion, may enlarge the period of time in which a party may file objections after the expiration of the specified period where the party's failure to act was the result of excusable neglect. Appellant filed his motion for leave to file his objections five days after the expiration of the time in which he must have filed his objections. The trial court denied appellant's motion for leave to file untimely objections, because appellant merely alluded to unspecified "pressing deadlines." Furthermore, appellant never filed an appeal to the trial court's May 26, 2005 judgment entry in which the court denied his motion for leave, adopted the magistrate's decision and entered judgment against appellant.
 {¶ 16} Appellant then reiterated the substance of his objections regarding the propriety of the judgment against him when he filed timely objections to the magistrate's August 2, 2005 decision which denied his motion for a stay of the proceedings in aid of execution. The trial court properly found that appellant's attempt to argue the issue relating to the judgment entered against him was untimely.
 {¶ 17} Appellant then filed a motion to vacate the trial court's May 26, 2005 judgment against him. Appellant merely reiterated his arguments regarding his perceived impropriety of the magistrate's March 25, 2005 findings of fact and conclusions of law, all issues which properly should have been brought through the filing of a timely appeal. Under these circumstances, appellant has not pled any operative facts which would entitle him to relief from judgment pursuant to Civ.R. 60(B). Accordingly, the trial court did not abuse its discretion by denying appellant's motion to vacate the judgment pursuant to Civ.R. 60(B). Appellant's first, second, third, fourth and fifth assignments of error are overruled.
 ASSIGNMENT OF ERROR VI
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION UNDER [CIV.R.] 60(B) WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING BEFORE RULING ON THE MOTION."
 {¶ 18} Appellant argues that the trial court erred by denying his motion to vacate the May 26, 2005 judgment without first holding an evidentiary hearing. This Court disagrees.
 {¶ 19} The Ohio Supreme Court has held that a trial court should hold a hearing on a movant's motion for relief from judgment where the movant has alleged operative facts warranting relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. The motion and supporting documents, if any, must contain operative facts which demonstrate the timeliness of the motion, the reasons for seeking relief, and the movant's defense. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103-104.
"If the material submitted by the movant in support of [a motion for relief from judgment under Civil Rule 60(B)] contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Id. at 105.
Before the trial court must schedule a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he or she is entitled to relief." Kay,76 Ohio St.3d at 20, citing Rose Chevrolet, 36 Ohio St.3d at 20.
 {¶ 20} Appellant argues that the trial court erred by not having a hearing prior to denying his motion. This Court finds that appellant's argument lacks merit because appellant failed to allege any operative facts to support his motion, as the issues he raised should have properly been raised on appeal, and a motion to vacate a judgment pursuant to Civ.R. 60(B) cannot be used as a substitute for a timely filed appeal. Appellant's sixth assignment of error is overruled.
 III. {¶ 21} Appellant's assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Whitmore, J. Concur.
[1] The magistrate premised appellant's breach of fiduciary duty on a finding that appellant violated DR 9-102(B)(3) of the Code of Professional Responsibility. That provision addresses an attorney's duty to maintain complete records of client funds and render appropriate accounts to the client regarding those funds. Although not an issue properly preserved on appeal for this Court's consideration, we note that a determination that an attorney has violated the Code of Professional Responsibility lies solely within the jurisdiction of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, and not within the jurisdiction of a small claims magistrate.