DECISION AND JOURNAL ENTRYThis cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Wells Fargo Home Mortgage ("Appellant") appeals the decision of the Summit County Court of Common Pleas, denying its Civ. R. 60(B) motion for relief from judgment filed eight months after the court granted Mary Ann Rhines' ("Appellee") motion for default judgment against Appellant. We affirm.
 {¶ 2} The original action in this case was filed in December, 2002, by James Remodeling Building, Inc. against Appellee for money owed on a remodeling contract. Appellee counter-sued in July, 2003, bringing in as additional defendants Stephen James, the owner of James Remodeling, and John Leek, a building inspector who worked on Appellee's remodeling project. On October 27, 2003, Appellee filed an amended complaint joining Wells Fargo Home Mortgage, Inc., as a defendant. In the amended complaint, Appellee claimed that Appellant had required her to use Leek as a building inspector, and that it was therefore liable for Leek's negligence. Although the record reflects that Appellant received notice by certified mail that it had been joined, it failed to file any responsive pleading. The case proceeded to a trial involving the other parties, and on July 20, 2004, a jury returned a verdict in favor of Appellee on her negligence action against Stephen James in the amount of $5,000, on her breach of contract claim against James Remodeling in the amount of $20,000, and on her negligence action against John Leek in the amount of $17,500. It appears from the record that Appellee made an oral motion for default judgment against Appellant, which the court granted in an order dated July 20, 2004. Appellant was a named recipient of that order.
 {¶ 3} The court held a damages hearing for the default judgment on October 26, 2004. Appellee filed a memorandum on damages on August 30, 2004. In that memorandum, she outlined the damages she had suffered as a result of the work performed by Leek, for which she claimed Appellant was responsible. Appellee claimed that she had suffered a loss of $67,361.63 in damage to her home that required repair. Moreover, she claimed that, because of Appellant's negligence in choosing Leek to perform inspections, her house had become subject to a lien by James Remodeling, and that she had suffered the loss of $5,000 in interest on the lien. Appellant was not present for this hearing, and did not file any motions or memoranda. The figures presented by Appellee were discussed by the trial judge and counsel for Appellee at the damages hearing, the transcript for which is in the record. On November 1, 2004, the judge issued a judgment entry granting Appellee $72,361.63, the total of her repair costs and interest on the lien.
 {¶ 4} The record reflects that the Clerk of the Common Pleas Court sent court cost bills to Appellant on December 17, 2004, January 18, 2005, and February 18, 2005. Appellant did not respond. There was no further activity in the case until June 14, 2005, at which time Appellant filed several affidavits in support of its motion for relief from default judgment under Civ. R. 60(B). It filed the motion on July 1, 2005, eight months after the trial court's judgment entry awarding Appellee $72,361.63. The trial court ultimately denied Appellant's motion for relief from judgment. Appellant appeals that decision, and raises one assignment of error, which it has divided into three issues for review as follows:
 ASSIGNMENT OF ERROR "The trial court erred in denying [Appellant's] motion for relief from judgment"
 "First issue for review: Whether the trial court erred by failing to modify the default judgment award in accordance with the amount of the jury's verdict.
 "Second issue for review: Whether the trial court erred in finding that Wells Fargo is not entitled to relief from judgment pursuant to Civ. R. 60(B).
 "Third issue for review: Whether the trial court abused its discretion and denied [Appellant] due process by upholding an inequitable and improper default judgment."
 {¶ 5} Appellant appeals from the trial court's decision to deny its Civ. R. 60(B) motion for relief from the default judgment entered in favor of Appellee. It argues that the trial court erred for several reasons in denying the motion. We disagree.
 {¶ 6} The trial court's decision to grant or deny a Civ. R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Griffey v. Rajan (1987) 33 Ohio St.3d 75, 77,514 N.E.2d 1122. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,614 N.E.2d 748.
 {¶ 7} In order for a party to prevail on a motion for relief from judgment under Civ. R. 60(B), it must demonstrate that it has met each of three requirements as set forth by the Supreme Court of Ohio in GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113. Those requirements are as follows: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. Id. at paragraph two of the syllabus.
 {¶ 8} The grounds for relief under Civ. R. 60(B) that are being invoked by Appellant in this case are as follows: (1) mistake, inadvertence, surprise or excusable neglect; (5) any other reason justifying relief from judgment. Appellant argues that its local office in Stow received the amended complaint and forwarded it to the legal department, as was its policy. However the legal department has no record of having received it, which Appellant contends constitutes excusable neglect under Civ. R. 60(B)(1). It further argues that, in the amended complaint, Appellee failed to state a claim for which relief could be granted because she failed to allege an agency relationship between Appellant and Leek, which constitutes grounds for relief under Civ. R. 60(B)(5).
 {¶ 9} Under Ohio law, Civ. R. 60(B) motions provide a means of vacating voidable judgments. See Civ. R. 60(B) staff notes. They operate to protect parties from the unjust application of the rule in favor of the finality of judgments. Id. They are not meant to provide endless opportunities for an unsuccessful or dilatory party to object to the ruling against him.
 {¶ 10} The timeliness requirement of Civ. R. 60(B) states that a motion under Civ. R. 60(B)(1), (2), or (3) must be made no later than one year after the entry of judgment. However, all provisions of Civ. R. 60(B) are governed by a reasonableness requirement. In a decision cited many times in this district, the Eighth Appellate District held that a Civ. R. 60(B) motion was not filed within a reasonable time, when it was filed five months after the default judgment was taken, and default judgment was not granted until nearly eleven months after the original complaint was filed. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 316 N.E.2d 469. "Defendants had an affirmative duty to take some action after being served with the complaint and the amended complaint or risk having a judgment taken against them." Id. at 106. The court found that, although the defendants had filed their motion within a year of the entry of judgment, the motion was untimely because it was unreasonable that a defendant should neglect his rights so completely and still request relief from judgment.
 {¶ 11} This court cited Adomeit in holding similarly that a motion for relief under Civ. R. 60(B)(1) was untimely even though it was within the one-year period after the entry of default judgment. Hall v. ParagonSteakhouse (Jul. 26, 2000), 9th Dist. No. 99CA007443, at *2. "A motion for relief from judgment under Civ. R. 60(B)(1), by the plain language of the rule, must be filed within one year and within a reasonable time." Id., citing Adomeit, 39 Ohio App.2d at 106. (Emphasis sic). See, also,Falk v. Wachs (1996), 116 Ohio App.3d 716, 720-21, 689 N.E.2d 71;Walnut Equipment Leasing Co., Inc. v. Saah (Feb. 21, 2001), 9th Dist. No. 00CA00760.
 {¶ 12} Appellant has asserted that it should be granted relief from default judgment both on the grounds of mistake and excusable neglect under Civ. R. 60(B)(1), and for Appellee's failure to state a claim in the original complaint, under Civ. R. 60(B)(5). While it may be the case that Appellant had meritorious grounds for filing its motion for relief from judgment, it must still satisfy the requirement of filing within a reasonable time of the entry of default judgment. See GTE, supra.
 {¶ 13} It is well established in Ohio that a Civ. R. 60(B) motion for relief from judgment must not be used as a substitute for a timely appeal. "Filing a Civ. R. 60(B) motion can neither 'substitute for a timely appeal [nor] * * * extend the time for perfecting an appeal from the original judgment." Schutte v. Akron Public Schools Bd. ofEducation, 9th Dist. No. 23036, 2006-Ohio-4726, at ¶ 7, quoting Key v.Mitchell (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548. When the issues raised in a Civ. R. 60(B) motion "could have been properly presented in a timely appeal," this court has found that the motion was properly denied by the trial court. Berlin v. Varney (1992), 9th Dist. No. 15459, at *2. See also MBNA America Bank, N.A. v. Speegle, 9th Dist. No. 23091, 2006-Ohio-3817; Cooley v. Sherman, 9th Dist. No. 05CA008860,2006-Ohio-6065.
 {¶ 14} Appellant argues that the judgment granted by the trial court was too high relative to the damages awarded to Rhines by the jury for her claims against Leek. This was an argument that should have been raised by Appellant in an appeal from the entry of default judgment with which it takes issue. Appellant cannot remedy its failure to appeal the trial court's decision by filing a motion for relief from judgment seven months after the decision and appealing the denial of that motion, raising objections that were proper seven months earlier. SeeBerlin, at *2.
 {¶ 15} Appellant's remaining arguments are that the trial court was incorrect in finding that Appellant was not entitled to relief from judgment, and that the trial court erred in finding that the motion for relief was not filed timely. We find that Appellant has failed to demonstrate that the motion was timely filed in light of the reasonableness requirement, and therefore we affirm the decision of the trial court denying Appellant's motion.
 {¶ 16} Appellant has cited the Third District's decision in Kanorr v.Camp Oil Company (Mar. 9, 1995), 3rd Dist. No. 17-94-29, to support its contention that it should be granted relief on the grounds of mistake and excusable neglect. In Kanorr the appellant filed its Civ. R. 60(B) motion within sixteen days of the entry of default judgment in the trial court and therefore clearly satisfied the reasonable time requirement of Civ. R. 60(B). Appellant in this case has not satisfied that timeliness requirement because it did not file for relief from judgment until eight months after the final entry of default judgment, and eleven months after it was informed that default judgment would be entered.
 {¶ 17} Likewise, Appellant's Civ. R. 60(B)(5) motion on the grounds that the plaintiff failed to state a claim in the original complaint is subject to the reasonable time requirement. In the cases Appellant has cited to support its argument, the parties succeeding on their motions filed them within four months of the entry of default judgment, or the motion was granted on other compelling grounds in addition to the plaintiffs failure to state a claim. See Mercy Franciscan Hospital v.Willis, 1st Dist. No. C-030914, 2004-Ohio-5058 (Civ. R. 60(B)(5) motion filed within four months of entry of default judgment); Michael D. TullyCo., L.P.A. v. Dollney (1987), 42 Ohio App.3d 138, 537 N.E.2d 242
(motion filed thirty-six days after default judgment); American BankersInsurance Co. of Florida v. Leist (1962), 117 Ohio App. 20,189 N.E.2d 456 (motion granted for failure to state a claim, but court notes that it is also granting the motion because defendant was never served with complaint).
 {¶ 18} Appellant failed to respond timely to Appellee's amended complaint. It then failed to acknowledge the trial court's entry of default judgment until eight months later. It has not provided this court with a reasonable explanation for the delay when it had received both the amended complaint as well as the initial order granting default judgment, as well as several cost bills after the final entry of judgment. We find that the trial court was correct in denying Appellant's motion for relief from judgment.
 {¶ 19} Appellant's assignment of error is overruled and the decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
LYNN C. SLABY
FOR THE COURT
MOORE, J.
BOYLE, J.
CONCUR