DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant Daniel F. Atkinson has appealed from the judgment of the Wayne County Common Pleas Court, Probate Division, which vacated the final guardianship account of decedent, James W. Atkinson. This Court affirms.
 I {¶ 2} In 1987, Appellant was appointed guardian of the person and estate of his brother, James W. Atkinson, due to Mr. Atkinson's mental and physical disability. Mr. Atkinson died on July 11, 2004. On December 27, 2004, Appellant filed a sixth and final account with the Wayne County Common Pleas *Page 2 
Court, Probate Division. On February 2, 2005, the probate court held a hearing and ordered Appellant to file an amended sixth partial account and final account. Appellant filed the final account and it was approved and settled by journal entry dated February 22, 2005. Accordingly, Appellant was discharged from his fiduciary duty. Appellant was also named executor of Mr. Atkinson's estate.
 {¶ 3} On December 16, 2005, the children of Mr. Atkinson (collectively the "Appellee Children") filed a motion to vacate the judgment entry approving and settling the final account. The Appellee Children filed the motion to vacate the final account pursuant to Civ.R. 60(B). On March 16, 2006, James L. Lanham (the "Administrator") was appointed as administrator de bonis non of the estate of James W. Atkinson. On March 20, 2006, the Administrator filed a motion to vacate the final account for good cause shown pursuant to R.C. 2109.35(B).
 {¶ 4} On May 10, 2006, the probate court vacated the final account and set the matter for further hearing. Appellant timely appealed, assigning four assignments of error. Appellant's assignments of error will be addressed out of order for ease of consideration.
 II Assignment of Error Number Four "THE MOTION TO VACATE FINAL ACCOUNT IN GUARDIANSHIP BY ADMINISTRATOR OF ESTATE OF JAMES W. ATKINSON WAS NOT TIMELY FILED." *Page 3 
 {¶ 5} In his fourth assignment of error, Appellant has argued that the motion to vacate for good cause shown filed by the Administrator was untimely. This Court disagrees.
 {¶ 6} "The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion." Cooley v.Sherman, 9th Dist. No. 05CA008860, 2006-Ohio-6065, at ¶ 9, citingStrack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} Appellant has argued that the Administrator's motion to vacate for good cause shown pursuant to R.C. 2109.35(B) must be interpreted as a motion to vacate for fraud pursuant to R.C. 2109.35(A) because according to Appellant, "no other cause to vacate other than fraud" existed. Appellant has argued that if the Administrator's motion is really based on fraud, the motion must have been filed within one year after the discovery of the existence of the fraud pursuant to R.C.2109.35(A). Appellant's argument is unpersuasive. *Page 4 
 {¶ 8} The Administrator moved to vacate the final account pursuant to R.C. 2109.35(B), which states, in pertinent part:
 "The order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and * * * may be vacated for good cause shown, other than fraud, upon motion of any person affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to appear in it; provided that, if the account settled by the order is included and specified in the notice to that person of the proceeding in which a subsequent account is settled, the right of that person to vacate the order shall terminate upon the settlement of the subsequent account." (Emphasis added). Id.
 {¶ 9} It is clear that the Administrator of Mr. Atkinson's estate is a "person affected by the order" approving and settling the guardianship accounts. Further, it is readily apparent that the Administrator "was not a party to the proceeding" and had "no knowledge of the proceeding." The "proceeding in which the order was made" was arguably the hearing held on February 2, 2005. At best, the final account was approved and settled on February 22, 2005. The Administrator was not appointed by the probate court until March 16, 2006, over one year after the proceedings and settlement took place. Therefore, the Administrator could not have been a party to the proceedings and furthermore, it would have been impossible for him to have had knowledge of the proceeding in time to appear.
 {¶ 10} However, Appellant's argument turns on whether good cause existed outside of the alleged fraud. If not, then the Administrator's motion should be considered under the one year filing provision of R.C.2109.35(A). If so, then the *Page 5 
Administrator's motion is governed by the statutory timetable outlined in R.C. 2109.35(B):
 "Neither the fiduciary nor his surety shall incur any liability as a result of the vacation of an order settling an account in accordance with this division, if the motion to vacate the order is filed more than three years following the settlement of the fiduciary's account showing complete distribution of assets; but the three-year period shall not affect the liability of any heir, devisee, or distributee either before or after the expiration of that period." Id.
 {¶ 11} Initially, we will address Appellant's contention that no good cause existed outside of fraud, and therefore, the Administrator's motion to vacate should be governed by R.C. 2109.35(A). This argument is unpersuasive for numerous reasons. First, the Administrator expressly moved pursuant to R.C. 2109.35(B). Second, in his motion to vacate, the Administrator alleged an inherent conflict of interest where the executor of the estate was also the guardian of the decedent. Finally, the Administrator alleged that Appellant's conduct violated a guardian's fiduciary duty to "manage the estate for the best interest of the ward[,]" pursuant to R.C. 2111.14(B). The Administrator also cited case law which supports his contention that Appellant had violated his fiduciary duty by naming himself beneficiary of certain annuities while acting as a guardian.
 {¶ 12} It is clear from the record that the Administrator moved for good cause shown other than fraud. Specifically, the Administrator alleged that Appellant had violated his fiduciary duty in managing the accounts of Mr. Atkinson. Appellant has essentially asked this Court to construe the *Page 6 
Administrator's motion as a motion for fraud, but we decline to do so when the record indicates that the Administrator's motion was in fact for good cause shown.
 {¶ 13} Having established that the Administrator's motion was for good cause shown, this Court will next address whether the Administrator's motion was timely. As stated above, R.C. 2109.35(B) delineates a three year period in which an appropriate person may file a motion to vacate for good cause other than fraud. According to the statute, a fiduciary does not incur any liability as a result of vacation of the order if the motion is filed more than three years after the settlement of the fiduciary account. However, if a person brings such a motion within three years, a fiduciary and his surety may incur liability under the statute. See R.C. 2109.35(B); Goff v. Ameritrust Co., N.A., (May 5, 1994), 8th Dist. Nos. 65196, 66016, at *6.
 {¶ 14} It is clear to this Court that R.C. 2109.35(B) contemplates at least a three-year window within which to file a motion to vacate for good cause other than fraud. Accordingly, pursuant to R.C. 2109.35(B), the Administrator's motion to vacate was timely.
 {¶ 15} Therefore, this Court concludes that the probate court did not abuse its discretion when it vacated the final account. The record indicates that the probate court relied, in part, on the Administrator's motion and vacated the final account because there "appeared] to be some claim concerning how the guardian handled the accounts[.]" This concern that Appellant violated his fiduciary duty *Page 7 
pursuant to R.C. 2111.14(B) is wholly separate from the alleged fraud perpetrated on the probate court by Appellant and his attorney.
 {¶ 16} Based on the foregoing, Appellant's fourth assignment of error lacks merit. Assignment of Error Number One "THE PROBATE COURT ERRED AS A MATTER OF LAW BY HOLDING THAT CIVIL RULE 60(B) GOVERNED THE PROCEDURE TO VACATE A FINAL ACCOUNT IN A GUARDIANSHIP AS A FINAL ACCOUNT CAN ONLY BE VACATED PURSUANT TO THE PROVISIONS OF R.C. 2109.35."
 Assignment of Error Number Two "THE PROBATE COURT ERRED AS A MATTER OF LAW BY VACATING THE FINAL GUARDIANSHIP BASED UPON FRAUD."
 Assignment of Error Number Three "THE PROBATE COURT ERRED AS A MATTER OF LAW BY ALLOWING THE ATKINSON CHILDREN TO PREVAIL ON THEIR MOTION TO VACATE FINAL ACCOUNT WHEN THEY EITHER APPEARED AT ACCOUNT HEARING OR HAD ACTUAL NOTICE THEREOF AND FAILED TO SHOW."
 {¶ 17} This Court need not address assignments of error that have been made moot by a ruling on another assignment of error. App.R. 12(A)(1)(c). As this Court has affirmed the probate court's judgment based on the Administrator's motion to vacate for good cause shown, and Appellant's remaining assignments of error address the Appellee Children's motion, this Court declines to address them. See State v.McCarley, 9th Dist. No. 22562, 2006-Ohio-1 176, at ¶ 20. *Page 8 
 III {¶ 18} Appellant's fourth assignment of error is overruled. This Court declines to review Appellant's remaining assignments of error. The judgment of the Wayne County Common Pleas Court, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 9 
MOORE, J.
CONCURS
CARR, J.
 CONCURS IN JUDGMENT ONLY *Page 1