OPINION
{¶ 1} Beverly J. Cowles appeals from the summary judgment granted Washington Mutual Bank by the Ashtabula County Court of Common Pleas in this foreclosure action. We affirm.
 {¶ 2} December 18, 2000, Ms. Cowles executed and delivered to Bank One, N.A., a promissory note and mortgage encumbering realty owned by her at 215 South Chestnut Street, Jefferson, Ohio 44047. Bank One's nominee under the mortgage, *Page 2 
Mortgage Electronic Registration Systems, Inc., assigned these instruments to Washington Mutual Bank.
 {¶ 3} Washington Mutual determined Ms. Cowles was in default December 1, 2005, and chose to accelerate. April 18, 2006, Washington Mutual filed its foreclosure action on the 215 South Chestnut Street property, naming Ms. Cowles, John Doe, name unknown, spouse of Ms. Cowles, Keybank National Association, and Sky Bank as defendants. Ms. Cowles answered, pro se; Sky Bank answered, while John Doe, name unknown, spouse of Ms. Cowles, and Keybank did not. June 16, 2006, Washington Mutual filed its motion for summary judgment, and its affidavit in support. June 23, 2006, Ms. Cowles filed an affidavit in opposition to the summary judgment motion; her brief in opposition followed June 27, 2006. Washington Mutual moved for leave to file a reply July 11, 2006, which the trial court granted the following day. July 17, 2006, Ms. Cowles moved for leave to file a supplemental response, which the trial court granted July 20, 2006.
 {¶ 4} August 31, 2006, the trial court granted Washington Mutual's summary judgment motion, subject to the filing of a final judicial report evidencing assignment of the mortgage from Mortgage Electronic Registrations Systems to Washington Mutual. October 4, 2006, Washington Mutual moved for default judgment against John Doe, name unknown, spouse of Ms. Cowles, and Keybank. October 11, 2006, Washington Mutual filed the final judicial report required by the trial court's August 31 judgment entry. That same day, the trial court filed a judgment entry, finding John Doe, name unknown, spouse of Ms. Cowles, and Keybank in default; determining that Sky Bank *Page 3 
had an interest in the subject property junior to that of Washington Mutual; and granting summary judgment and foreclosure to Washington Mutual.
 {¶ 5} October 18, 2006, Ms. Cowles moved to vacate the grant of summary judgment and dismiss the complaint in foreclosure. November 1, 2006, Washington Mutual filed a brief in response. November 6, 2006, Ms. Cowles noticed this appeal, making two assignments of error:
 {¶ 6} "[1.] The trial court erred in granting the plaintiff-appellee's [m]otion for [s]ummary [j]udgment because genuine issues of material fact exist as to whether plaintiff-appellee acted inequitably, negligently, and in breach of the mortgage contract with defendant-appellant, as defendant-appellant met her burden under Ohio Rules of Civil Procedure 56(E) in the [affidavit and [b]riefs showing that there are genuine material issues for trial.
 {¶ 7} "[2.] The trial court erred in granting the plaintiff-appellee's [m]otion for [s]ummary [j]udgment because plaintiff-appellee is not entitled to a judgment as a matter of law and genuine issues of material fact exist for trial as to plaintiff-appellee's standing to bring the foreclosure action in the absence of essential evidence of assignment of the note and mortgage from mortgagee lender Bank One, N.A., and as to the condition precedent of proper notice of acceleration of the debt; and as to defendant-appellant's rights as borrower to reinstate as provided in the mortgage."
 {¶ 8} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such *Page 4 
evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 9} The Supreme Court of Ohio stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of thenonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 10} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. Dresher at 293. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate pursuant to Civ.R. 56(E).
 {¶ 11} Appellate courts review a trial court's grant of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination. Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 12} Under her first assignment of error, Ms. Cowles raises two arguments. First, she asserts that Washington Mutual breached the mortgage contract, through *Page 5 
negligence in handling various negotiations and documents relative to a modification of the payment plan she desired. Second, she asserts the foreclosure is barred by promissory estoppel.
 {¶ 13} In support of these arguments, Ms. Cowles cites to a course of conduct allegedly engaged in by Washington Mutual during the year prior to the filing of the foreclosure. This course of conduct is detailed, principally, in her pro se answer to the complaint, and her affidavit in opposition to Washington Mutual's summary judgment motion. Ms. Cowles contends she had previously a special forbearance plan with Washington Mutual, which concluded March 1, 2005. Evidently, Washington Mutual agreed to this as a result of an illness suffered by Ms. Cowles. Thereafter, Ms. Cowles tried to achieve a modification of her payment plan with Washington Mutual. In her answer, she seems to allege that Washington Mutual eventually informed her she was in default, and had to contact its collections department; which, when she did so,caused the bank to move the loan from loss mitigation to collections.
 {¶ 14} Ms. Cowles deposes that: she reapplied to Washington Mutual's loss mitigation department in February 2006, on the bank's advice; her file lay there, without being reviewed, for two months; at the beginning of March 2006, she sent a completed application for a new loss mitigation plan to Washington Mutual, but did not receive any callback until April 12, 2006; and, on April 12, 2006, Mrs. Alexander of Washington Mutual assured her no foreclosure would occur until she reviewed Ms. Cowles' application, which would occur in about a week. She notes the complaint in foreclosure was actually filed only six days later, April 18, 2006. *Page 6 
 {¶ 15} Ms. Cowles further deposes that in May 2006, she was told, for the first time, she could not obtain a new special forbearance plan, and that she requested a balance to reinstate the mortgage, pursuant to paragraph 19 thereof, on or about May 26, 2006, but did not receive a letter detailing the amount required ($13,673.50, as of July 7, 2006), until June 15, 2006.
 {¶ 16} Ms. Cowles contends this alleged course of conduct by Washington Mutual — i.e., promising to work out a modification of the payment plan, or grant her a new special forbearance, then reneging — makes it responsible for any breach of the mortgage contract. We disagree.
 {¶ 17} First, this contradicts the specific, written terms of the mortgage. Paragraph 12 of the mortgage provides, in pertinent part:
 {¶ 18} "Extension of the time for payment or modification of amortization of the sums secured by this [mortgage] granted by Lender to Borrower * * * shall not operate to release the liability of Borrower * * *. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments * * * in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy."
 {¶ 19} The mere fact Washington Mutual had previously granted Ms. Cowles a special forbearance, or was willing to discuss the possibility of a new one, did not waive its rights under the mortgage if she was in default. Ms. Cowles does not deny she was in that unfortunate state.
 {¶ 20} Second, "a breach of contract is not a tort." Roosa v.Stokes (July 28, 1989), 11th Dist. No. 1976, 1989 Ohio App. LEXIS 2975, at 11. Accepting as true all of *Page 7 
Ms. Cowles' allegations regarding Washington Mutual's conduct, for purposes of summary judgment review, would not make the alleged mishandling of the negotiations and application for a new payment plan a breach of contract. The relationship between Washington Mutual and Ms. Cowles was purely contractual, arising from the mortgage. Nothing in the mortgage required Washington Mutual to revise its terms.
 {¶ 21} A similar analysis applies to Ms. Cowles' assertion that Washington Mutual is precluded from foreclosing due to promissory estoppel. "Four elements are required to establish a claim of promissory estoppel: (1) a clear and unambiguous promise; (2) reliance on the promise; (3) the reliance is reasonable and foreseeable; and (4) the party relying on the promise was injured by his or her reliance."Connolly v. Malkamaki, 11th Dist. No. 2001-L-124, 2002-Ohio-6933, at ¶ 16, citing Patrick v. Painesville Commercial Properties, Inc. (1997),123 Ohio App.3d 575, 583. This court has recognized, "that the doctrine of promissory estoppel can overcome or rebut the statute of frauds."Connolly at ¶ 22; see, also, Gnomes Knoll Farm, Inc. v. Aurora InnOperating Partnership, L.P. (June 30, 1994), 11th Dist. Nos. 93-G-1772 and 93-G-1780, 1994 Ohio App. LEXIS 2904, at 16-19. Consequently, appropriate evidence of promissory estoppel might preclude Washington Mutual from foreclosure.
 {¶ 22} However, in this case, Ms. Cowles simply produced no Civ.R. 56 evidence going to the fourth element of the doctrine: detrimental reliance. Her own version of the negotiations between herself and Washington Mutual establishes that, from March 2005 onward, she was looking for a new special forbearance, or some other modification of her payment plan under the mortgage, and nothing else. That Washington Mutual may have encouraged her in the belief such forbearance or modification was forthcoming, *Page 8 
does not necessarily mean she altered her own position in reliance thereon. Her position was the same, before and after her negotiations with Washington Mutual.
 {¶ 23} The first assignment of error is without merit.
 {¶ 24} Under her second assignment of error, Ms. Cowles raises five arguments.
 {¶ 25} Ms. Cowles implies the trial court's grant of summary judgment was improper, as it failed to adjudicate all outstanding issues and rights. In support, she cites to the separate motion for default judgment filed by Washington Mutual against John Doe, name unknown, her spouse, and Keybank.
 {¶ 26} This argument is without merit. Even assuming the October 11, 2006 judgment entry of the trial court does not deal with the issues raised by the motion for default judgment, that judgment entry was final and appealable regarding her interest in the subject property, by terminating it. The trial court included the appropriate language from Civ.R. 54(B). Indeed, we are slightly mystified by this assault on the October 11, 2006 judgment entry, as it is the vehicle by which Ms. Cowles obtained our jurisdiction.
 {¶ 27} Ms. Cowles also argues that Washington Mutual lacked standing to bring the foreclosure action. She premises this argument on Washington Mutual's failure to attach to the complaint or preliminary judicial report evidence of the assignment of the subject note and mortgage to it by Bank One's original nominee, Mortgage Electronic Registrations Systems.
 {¶ 28} The argument is without merit. By its judgment entry of August 31, 2006, the trial court premised the grant of summary judgment on proof of the assignment, which Washington Mutual filed with the clerk October 11, 2006, as set forth in its final judicial report. *Page 9 
 {¶ 29} Ms. Cowles argues she was not afforded her contractual right to reinstate the mortgage. Paragraph 19 of the mortgage provides, in pertinent part:
 {¶ 30} "Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this [mortgage] discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this [mortgage]; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this [mortgage]. Those conditions are that Borrower: (a) pays Lender all sums which would be due under this [mortgage] and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expense incurred in enforcing this [mortgage] * * *."
 {¶ 31} Washington Mutual provided Ms. Cowles with a reinstatement figure, for the period through July 7, 2006, by letter dated June 15, 2006. She never took advantage of this; nor is there any evidence she attempted reinstatement at any time prior to the trial court's entry of summary judgment against her. Consequently, her argument is without merit.
 {¶ 32} Finally, Ms. Cowles argues Washington Mutual never provided her with notice of acceleration, a condition precedent to acceleration and foreclosure of the mortgage, under paragraph 22 of that instrument. Washington Mutual admits this deficiency, but asserts her failure to raise the matter in her answer waives the defense.
 {¶ 33} Civ.R. 9 controls the pleading of "special matters," including conditions precedent. Specifically, Civ.R. 9(C) provides: "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions *Page 10 
precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."
 {¶ 34} By her answer, Ms. Cowles failed to raise the defense of lack of notice with particularity. However, she did make a general reservation of defenses. When a plaintiff, like Washington Mutual, fails to allege, even generally, the occurrence of conditions precedent in a foreclosure action, a defendant need not comply with the particularity requirement of Civ.R. 9(C) by pleading their non-occurrence. Rather, the defense of failure to state a claim on which relief may be granted will suffice. First Fin. Bank v. Doellman, 12th Dist. No. CA2006-02-029,2007-Ohio-222, at ¶ 21.
 {¶ 35} The defense of failure to state a claim on which relief may be granted may be raised either by way of responsive pleading, or motion, at the option of the pleader. Civ.R. 12(B)(6). It may be raised as late as the trial on the merits. Civ.R. 12(H)(2). Given this wide latitude in the method and timing of the defense's assertion, it seems clear that Ms. Cowles' general reservation in her answer was sufficient to preserve the matter. However, it was never raised by her at any time prior to the trial court's entry of summary judgment on October 11, 2006. Rather, she first raised the issue of dismissal due to failure to plead fulfillment of conditions precedent (which we deem in the nature of a motion to dismiss for failure to state a claim), in her motion to vacate the summary judgment and dismiss filed October 18, 2006.
 {¶ 36} Appellate courts of this state have affirmed motions to vacate, or for relief from judgment, granted by the trial courts pursuant to Civ.R. 60(B)(5), and predicated on the defense of failure to state a claim for which relief may be granted. The issue seems generally to have arisen in the context of default judgments. See, e.g, James *Page 11 Remodeling Bldg., Inc. v. Rhines, 9th Dist. No. 23223, 2006-Ohio-6962, at ¶ 17 (collecting cases). Like default judgment, summary judgment is not a favored procedure. Aquila v. LaMalfa, 11th Dist. No. 2005-L-148,2007-Ohio-689, at ¶ 8. But Ohio's appellate courts will not consider on appeal issues not presented to the trial court. Brown v. Gabram, 11th Dist. No. 2004-G-2605, 2005-Ohio-6416, at ¶ 22. In this case, Ms. Cowles did not present her potential defense of failure to state a claim, premised on the non-occurrence of conditions precedent to acceleration of the mortgage and note, until she moved to vacate the trial court's summary judgment motion. Before that court could rule on the motion, she noticed this appeal, divesting the trial court of jurisdiction.Howard v. Catholic Social Sen/, of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 147. She has not moved this court to remand for consideration of her motion to vacate. Since the trial court never had the opportunity to consider the issues raised by that motion, we may not consider them now. Cf. id. Consequently, her argument that Washington Mutual did not give proper notice of acceleration is not well-taken.
 {¶ 37} The second assignment of error is without merit.
 {¶ 38} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur. *Page 1