{¶ 32} "`Mortgages, being voluntary security agreements incident or collateral to a primary obligation, are susceptible to the same rules of interpretation and the same framework of analysis which apply to contracts generally.'" Ogan, supra, at 584, quoting First Federal S. L. Assn. of Toledo v. Perry's Landing, Inc. (1983),11 Ohio App.3d 135, 143. Consequently, ambiguities in mortgages should be construed against the drafter. Cf. Wolfson v. Euclid Ave. Assoc. (Mar. 20, 1997), 8th Dist. No. 70779, 1997 Ohio App. LEXIS 1074, at 15-17.
 {¶ 33} The mortgage documents were provided by MERS. Any ambiguities therein must be construed against it; and, I find the mortgage ambiguous on its face. Mr. Kaehne is the sole person defined as a "Borrower" in the definitions portion of the mortgage: Ms. Reichard is not included. And yet, she initialed the pages of the mortgage, signed the final page as a "Borrower," and signed the various riders.
 {¶ 34} It appears MERS relies on paragraph 13 of the mortgage to explain this ambiguity. That paragraph provides that co-signors of the mortgage, who are not obligated on the underlying note, are merely mortgaging, granting and conveying their interest in the mortgaged property, if any. As owner of an undivided one-half interest in the property, which Mr. Kaehne wished to mortgage to secure his note, this could explain why Ms. Reichard signed the mortgage. On the other hand, by her motion for relief from judgment, Ms. Reichard denied signing the mortgage as a grantor, and demanded partition. This could mean she merely meant to sign the mortgage as an *Page 11 
accommodation, with no intent to mortgage or convey her one-half interest in the subject property. In effect, she denies the existence of a mortgage contract between herself and MERS.
 {¶ 35} This appeal arises from a default judgment; such proceedings are not favored in Ohio law. Cf. Washington Mut. Bank v. Cowles, 11th Dist. No. 2006-A-0076, 2007-Ohio-4771, at ¶ 36. Further, "[a]ppellate courts of this state have affirmed motions to vacate, or for relief from judgment, granted by the trial courts pursuant to Civ. R. 60(B)(5), and predicated on the defense of failure to state a claim for which relief may be granted," arising out of default judgments. Id. In denying the existence of a contract between herself and MERS, Ms. Reichard, in substance, is stating the complaint against her fails to state a claim. Thus, her motion for relief from judgment set forth a valid defense, and should have been granted pursuant to Civ. R. 60(B)(5). Further, construing the ambiguity in the subject mortgage in favor of Ms. Reichard, leaves us with a question of fact, which should be resolved by a trier of fact: in what capacity did Ms. Reichard sign the mortgage?
 {¶ 36} I would reverse and remand. Consequently, I respectfully dissent. *Page 1