DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Luis and Juanita Orama married in 1969 and divorced in 1988. Luis worked for Ford Motor Company and participated in a Ford sponsored pension plan. At the time of the divorce, the trial court entered a Qualified Domestic Relations Order under which, at the time Luis retired in 2007, Juanita began receiving 50% of the pension benefits that were based on the period of his employment during their marriage. The dispute in this case relates to another provision of that Qualified Domestic Relations Order. Under that other provision, Juanita is entitled to full post-retirement surviving spouse benefits. After he retired in 2007, Luis moved for relief from that provision of the Qualified Domestic Relations Order under Rule 60(B)(5) of the Ohio Rules of Civil Procedure, seeking an order that Juanita is not entitled to any surviving spouse benefits. The trial court granted Luis's motion and entered an amended Qualified Domestic Relations Order under which Juanita will not receive any surviving spouse benefits. *Page 2 
Juanita has argued that the trial court erred by granting Luis relief from judgment. This Court reverses because Luis's motion was an attempt to use a motion for relief from judgment as a substitute for appeal and, as such, should have been denied.
 FACTS {¶ 2} Luis worked for Ford for 39 years, beginning in 1968. He retired in February 2007 under an early retirement program. As part of his early retirement, he chose to receive a $100,000 cash payment. The plan administrator, however, informed him that, rather than receiving the $100,000 as a lump sum, he would have to take it as increased monthly payments because of Juanita's rights as a surviving spouse. Luis testified before the trial court that he had not previously been aware that Juanita was entitled to full post-retirement surviving spouse benefits. He has pointed out that he remarried in 1990 and, under the 1988 Qualified Domestic Relations Order, if he dies before Juanita does, she will receive all of the surviving spouse benefits under his pension plan and his current wife will not receive any.
 RELIEF FROM JUDGMENT {¶ 3} In order to be entitled to relief under Rule 60(B) of the Ohio Rules of Civil Procedure, a moving party must satisfy the three prong test established by the Ohio Supreme Court in GTE Automatic Elec. Inc.v. ARC Indus., 47 Ohio St. 2d 146, paragraph two of the syllabus (1976): "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered or taken." Juanita has argued that Luis failed to satisfy the GTE Automatic test. *Page 3 
 {¶ 4} Luis has argued that 19 years was a reasonable time in this case because he had not understood the significance of the 1988 order until he took early retirement and learned that he could not receive a lump-sum payment. Even assuming that 19 years could ever be a reasonable time within the meaning of the third prong of the GTE Automatic test, it is hard to see how it could be reasonable in this case. The 1988 Qualified Domestic Relations Order, which was incorporated into the trial court's Judgment Entry of Divorce, provided, on its face, that Juanita "shall retain the widow's benefits as successor beneficiary pursuant to the terms of the Plan." That language, at a minimum, should have alerted Luis to his need to inquire about its significance at the time it was entered, not only after 19 years.
 {¶ 5} Regardless of whether it could be determined that Luis moved for relief from judgment within a reasonable time, however, he failed to satisfy the first two prongs of the GTE Automatic test. Luis has argued that both of those prongs are satisfied by the fact that the 1988 order provides Juanita 100% of the surviving spouse benefits. According to him, if Juanita is entitled to any surviving spouse benefits, she is only entitled to those benefits that are based on his employment during the time they were married. He has argued that his current wife should receive any surviving spouse benefits that are based on his employment after he and Juanita divorced. According to him, this is both a meritorious defense, thereby satisfying the first prong of the GTEAutomatic test, and an "any other reason justifying relief from the judgment" within the meaning of Rule 60(B)(5) of the Ohio Rules of Civil Procedure, thereby satisfying the second prong of the GTE Automatic
test.
 {¶ 6} The problem with Luis's argument is that it is, at bottom, simply an argument that the trial court made a mistake in its 1988 order. Assuming that Luis is correct that the trial court *Page 4 
made a mistake by awarding Juanita 100% of the survivorship benefits, that mistake does not entitle him to relief from judgment.
 {¶ 7} That a judgment contains a mistake, without more, is not a basis for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. Rather, that a judgment contains a mistake is a proper ground for a timely appeal. "It is axiomatic . . . that Civ. R. 60(B) may not be used as a substitute for appeal." Doe v. Trumbull County Children Servs.Bd, 28 Ohio St. 3d 128, 131 (1986); Cooley v. Sherman, 9th Dist. No. 05CA008860, 2006-Ohio-6065, at ¶ 12. Luis, having failed to take a timely appeal from the trial court's 1988 Judgment Entry of Divorce, cannot now use Rule 60(B) of the Ohio Rules of Civil Procedure to attack that entry based on an argument that it contains a mistake. The trial court erred by granting Luis's motion for relief from judgment, and Juanita's assignment of error must be sustained.
 CONCLUSION {¶ 8} Juanita's assignment of error is sustained. The judgment of the Lorain County Common Pleas Court is reversed.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 5 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellee.