DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, MBNA America Bank, N.A., appeals from the judgment of the Summit County Court of Common Pleas that denied its motion to vacate the court's November 7, 2005 entry that, inter alia, assessed all court costs against Appellant for failure to attend a garnishment hearing. We affirm.
 I. {¶ 2} On December 8, 2004, an arbitration award was entered in favor of Claimant-Appellant in the amount of $6,353.18 and against Appellee, Norma F. Speegle on a debt collection matter. On March 14, 2005, Appellant, as judgment-creditor, filed a motion and application to confirm and enforce the arbitration award in Summit County Court of Common Pleas. In a letter dated March 23, 2005 and filed with the court March 29, 2005, Appellee informed the court that she was not able to pay the arbitration award sum, that she was receiving social security disability payments, and that her monthly income was $634. Appellee also represented that she did not own a house or have any other assets.
 {¶ 3} In an order dated July 13, 2005, the court granted Appellant's motion, confirmed the arbitration award, and entered judgment in favor of Appellant and against Appellee in the amount of $6,353.18 with interest at five percent per annum and costs. Service of the order was perfected on Charter One Bank.
 {¶ 4} On August 23, 2005, Appellant moved the court to issue an order of garnishment against Charter One Bank in order to attach money, property or credits other than personal earnings of Appellee to satisfy the judgment. Subsequently, Appellee filed a letter with the court in which she once again represented that she was on social security disability and that the she had no other property, savings, or assets. Appellee attached a copy of her social security benefits statement and a copy of her Charter One bank account statement that indicated that the only source of account deposits was social security payment.
 {¶ 5} The court subsequently issued an order of garnishment against Charter One Bank. Appellee requested a hearing on the garnishment per R.C. 2716.13(C)(2). The hearing was scheduled for November 3, 2005. A copy of this order was provided to Appellant's counsel. The hearing was held as scheduled, but counsel for Appellant failed to attend the hearing.
 {¶ 6} On November 7, 2005, the court issued an order in which it found that the funds in Appellee's Charter One Bank account are "solely derived through [Appellee's] Social Security Disability benefits. As such, said money is exempt from garnishment." See R.C. 2329.66(A)(9)(f). In this order, the court assessed all court costs in the case against Appellant as a sanction for failure to appear at the hearing.
 {¶ 7} On December 28, 2005, Appellant filed a motion to vacate the order pursuant to Civ.R. 60(B)(1) and (5). In the motion, Appellant asserted that it did not appear at the hearing because Appellant had "filed a Release of the Garnishment over a week prior to the hearing." Appellant maintained that the hearing then became "moot." Appellant appended as "Exhibit A" a copy of a proposed bank attachment release order that contained a Summit County Clerk of Court time stamp dated October 27, 2005. This order was signed by counsel for Appellant, but the judge's signature line was blank.
 {¶ 8} In an order dated January 12, 2006, the court denied Appellant's motion to vacate, stating the following:
"The Court has reviewed both the Court file and Court Docket and cannot find either an original or a time stamped copy of the Bank Attachment Release Order in question. Furthermore, this Court notes that Plaintiff's Exhibit A does not include the Judge's signature on said Order."
 {¶ 9} Appellant timely appealed from this order, asserting one assignment of error for review.
 II. Assignment of Error
"THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF MBNA AMERICA BANK'S MOTION TO VACATE ENTRY[.]"
 {¶ 10} In its sole assignment of error, Appellant contends that the trial court erred in denying its Civ.R. 60(B) motion to vacate the entry assessing all costs against Appellant. We disagree.
 {¶ 11} When reviewing a trial court's decision on a Civ.R. 60(B) motion for relief from judgment, this Court may not overturn the trial court unless it abused its discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 12} To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:
"(1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
All three requirements must be met for the motion to be granted. Rose Chevrolet, Inc., 36 Ohio St.3d at 20.
 {¶ 13} In this case, Appellant argues that the court erred in denying its motion to vacate on the basis of Civ.R. 60(B)(1) and (5). Relief from judgment may be granted under Civ.R. 60(B)(1) for "mistake, inadvertence, surprise or excusable neglect." What constitutes "excusable neglect" is determined from all surrounding facts and circumstances. See Miami Sys. Corp. v. DryCleaning Computer Sys., Inc. (1993), 90 Ohio App.3d 181, 185. Civ.R. 60(B)(5) is known as the "catch-all" provision, which permits a court to grant relief from a judgment for "any other reason justifying relief from the judgment." The purpose of the rule is "to bring litigation to an end while preserving justice."Lenzer v. Lenzer (Nov. 3, 1993), 9th Dist. No. 93CA005541, at *5. The grounds for invoking this provision should be "substantial." Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraph two of the syllabus.
 {¶ 14} On appeal, Appellant argues:
"The time stamped copy presented to the Court provides proof that Appellant had timely submitted the Release Order to the Court, well before the hearing, which Appellant reasonably and rationally relied upon to believe that the garnishment proceeding would not continue."
However, the transcript of docket and journal entries does not reflect that an October 27, 2005 filing was ever made by Appellant. Furthermore, the record does not contain a journalized copy signed by the judge.
 {¶ 15} As Appellant readily admits in its brief, this filing represented merely a proposed order. Judicial adjudicative action can only take place by means of a journalized entry, i.e., one reduced to writing, signed by a judge, and filed with the clerk of court. See San Filipo v. San Filipo (1991),81 Ohio App.3d 111, 112; Colvin v. Abbey's Restaurant, Inc. (1999),131 Ohio App.3d 439, 443. Thus, Appellant's assumption that a filing of a proposed order by counsel would have "obviated the garnishment hearing" and ended the garnishment proceeding is simply unfounded. Appellant was under a continuing obligation to follow the mandate of the court to attend the hearing. Therefore, we cannot find that the trial court abused its discretion when it denied Appellant's Civ.R. 60(B) motion.
 {¶ 16} While Appellant's assignment of error solely addressed the ruling on its motion to vacate, Appellant also collaterally argues that the trial court's assessment of costs in the November 7, 2005 entry was not appropriate. However, Appellant has only filed a timely notice of appeal from the trial court's January 12, 2006 order denying its motion to vacate. Appellant has not perfected a timely appeal from the November 7, 2005 entry. See App.R. 4(A). As the Ohio Supreme Court has stated:
"A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment. * * *
"* * * Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a [Civ.R. 60(B)] motion to vacate judgment." (Internal quotations omitted.) Key v. Mitchell, 81 Ohio St.3d 89,90-1, 1998-Ohio-643.
Therefore, Appellant is not permitted to collaterally attack in this appeal the merits of the previous order that exempted Appellee's Charter One Bank funds from garnishment and assessed all court costs against Appellant. Accordingly, this Court does not address Appellant's arguments regarding the propriety of the court's assessment of costs against Appellant in the November 7, 2005 order.
 {¶ 17} Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 18} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Moore, J. concur.