DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Jimmy Williams has appealed from the judgment of the Summit County Court of Common Pleas which denied his motion to vacate the judgment issued in favor of Plaintiff-Appellee Thomas Watkins. This Court affirms.
 I {¶ 2} A detailed rendition of the underlying facts of this dispute can be found in Watkins v. Williams ("Watkins"), 9th Dist. No. 22162,2004-Ohio-7171, at ¶ 2-13. For expediency, we have summarized the pertinent facts herein.
 {¶ 3} On August 30, 1991, a jury found Williams guilty of rape, and a trial court sentenced him to life in prison. Almost ten years later, in 2000, Watkins was appointed to represent Williams at a sexual predator hearing. At that time, Watkins investigated the original trial, found discrepancies, and his work eventually led to Williams' release from prison. Following his release from incarceration, Williams hired Watkins to represent him in a wrongful imprisonment suit. The two initially entered into an oral agreement regarding compensation for Appellant's service as Appellee's counsel. The final written agreement stated that Appellant was entitled to a 25% contingency fee on the final award or $200 per hour if Appellee should dismiss Appellant.
 {¶ 4} Watkins filed a suit in the Summit County Common Pleas Court and obtained a declaration that Williams was a wrongfully imprisoned individual. Watkins then filed the appropriate action in the Ohio Court of Claims for statutory compensation for Appellee's wrongful imprisonment. In the midst of Watkins negotiating with the attorney general's office over the amount of compensation and when settlement of Appellee's claim for approximately $490,425 was imminent, Williams terminated Watkins. Appellee's new counsel eventually settled the matter for $750,000.
 {¶ 5} In addition to this amount, the Court of Claims also awarded attorney's fees to both Watkins and Williams' new counsel. Appellant submitted to the court a list of hours worked, and the court reimbursed him $200 per hour plus expenses, a total of $49,240. The court granted fees in the amount of $35,343.85 to Appellee's new counsel for work completed on the Court of Claims case.
 {¶ 6} Following the settlement in the Court of Claims, Watkins filed suit against Williams in the Court of Common Pleas to recover fees due and payable on the contingency contract. Watkins also moved for a temporary restraining order and preliminary injunction requiring the State to pay the disputed portion of Williams' settlement into an escrow account pending the outcome of the contract dispute.
 {¶ 7} Williams did not answer the complaint. The trial court, however, found that Williams' subsequent motions satisfied the requirement of defending the suit and declined to enter default judgment. Subsequently, both parties filed motions for summary judgment. On June 7, 2004, the trial court granted summary judgment to Williams on the breach of contract claim, finding that Watkins had been fully compensated by the Court of Claims at the $200 per hour rate recited in the contract, and that he was not entitled to 25% of the final settlement amount. Watkins timely appealed.
 {¶ 8} In Watkins I, this Court found that the trial court had erred in granting summary judgment because ambiguities existed in the contract. In addition, this Court found that the trial court had erred in failing to begin default proceedings because Williams had not properly defended the action. Upon remand, the trial court held a hearing and received briefs from the parties. The court then granted default judgment in favor of Watkins and set the matter for a hearing on damages. Following a motion to continue the hearing filed by Williams' counsel, Watkins filed a motion for an award of damages without a hearing. In his motion, Watkins asserted that no hearing was necessary because his damages were liquidated. The trial court agreed and awarded Watkins damages in the amount of roughly $120,000, the amount prayed for in Watkins' complaint. Nine days later, Williams filed a Civ.R. 60(B) motion seeking to vacate the trial court's ruling. In his motion, Williams reiterated his same arguments about the propriety of the trial court's initial grant of summary judgment, asserted that the trial court lacked jurisdiction to award damages, and argued that a hearing was necessary prior to awarding damages. The trial court denied the motion. Williams has timely appealed the denial of that motion, raising one assignment of error for review.
 II Assignment of Error
"THE LOWER COURT ERRED WHEN IT DENIED THE APPELLANT'S FEBRUARY 15, 2006 60(B) MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 9} In his sole assignment of error, Williams has argued that the trial court erred in denying his motion to vacate. Specifically, Williams has alleged that numerous defenses exist to the allegations at issue. This Court finds no error in the trial court proceedings.
 {¶ 10} The trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Griffey v. Raj an (1987) 33 Ohio St.3d 75, 77. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 11} In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), it must demonstrate that it has met each of three requirements as set forth by the Supreme Court of Ohio in GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146. Those requirements are as follows: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. Id. at paragraph two of the syllabus.
 {¶ 12} It is also well established in Ohio that a Civ.R. 60(B) motion for relief from judgment must not be used as a substitute for a timely appeal. "Filing a Civ.R. 60(B) motion can neither substitute for a timely appeal [nor] * * * extend the time for perfecting an appeal from the original judgment." (Internal quotations omitted.) Schutte v. AkronPublic Schools Bd. of Education, 9th Dist. No. 23036, 2006-Ohio-4726, at ¶ 7, quoting Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91,689 N.E.2d 548. When the issues raised in a Civ.R. 60(B) motion "could have been properly presented in a timely appeal," this court has found that the motion was properly denied by the trial court. Berlin v. Varney (Aug. 12, 1992), 9th Dist. No. 15459, at *2. See also MBNA America Bank, N.A.v. Speegle, 9th Dist. No. 23091, 2006-Ohio-3817; Cooley v. Sherman, 9th Dist. No. 05CA008860, 2006-Ohio-6065. "If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment." State exrel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 193.
Substitute for Appeal
 {¶ 13} In his motion to vacate, Williams did nothing more than raise arguments that the initial grant of default judgment was improper. These arguments included that Williams had demonstrated excusable neglect for failing to file an answer, that Watkins' claim was barred by res judicata, and that Watkins and Williams had never entered into a valid contract. These arguments were presented prior to the trial court's grant of default judgment and the trial court found them to lack merit. Each of these issues could have been raised on direct appeal. Williams, however, did not perfect an appeal from the trial court's February 5, 2006, grant of default judgment. Accordingly, Williams may not premise his Civ.R. 60(B) motion on these arguments as they were properly the subject of a direct appeal.
 {¶ 14} Furthermore, to the extent that Williams continued to challenge the trial court's initial determination of his liability, his motion was one of reconsideration and a nullity following final judgment.Durkin, 39 Ohio St. 3d at 192 ("In our view, appellee's motion to dismiss should be granted because the city's appeal is nothing more than an attempt to gain review of [an unappealed] judgment * * * by the court of appeals through the procedural device of a Civ.R. 60(B) motion to vacate the judgment.") To permit Williams to raise his current arguments on appeal would allow an end-run around the time requirements contained in App.R. 4(A). We decline to permit such a result. If Williams desired review of the merits of the trial court's decision, he had the opportunity to timely perfect an appeal. Williams declined to take advantage of that opportunity. He may not do so now by invoking Civ.R. 60(B).
Subject Matter Jurisdiction
 {¶ 15} Williams, however, has preserved one argument for review. He has argued that the trial court lacked subject matter jurisdiction to award damages to Watkins. Specifically, Williams has alleged that the Ohio Court of Claims has exclusive jurisdiction over the award of attorney's fees for wrongful imprisonment actions. In support, Williams has relied upon R.C. 2743.48(F)(2) which provides as follows:
 "If the wrongfully imprisoned individual was represented in the civil action under this section by counsel of the wrongfully imprisoned individual's own choice, the court of claims shall include in the judgment entry referred to in division (F)(1) of this section an award for the reasonable attorney's fees of that counsel. These fees shall be paid as provided in division (G) of this section."
Williams has argued that the above provision provides the sole mechanism by which Watkins may receive attorney's fees for his completed work. Williams, however, has supplied no argument in support of his assertions.
 {¶ 16} Initially, this Court notes that if the General Assembly had intended to grant the Court of Claims exclusive jurisdiction over the award of attorney's fees in wrongful imprisonment cases, it could have so provided. For example, R.C. 2743.48(D) expressly provides that the Court of Claims will have exclusive jurisdiction over the civil action which determines the amount of damages a wrongfully imprisoned person is entitled to under the law. However, when discussing an award of fees, the General Assembly makes no mention of exclusive jurisdiction. Accordingly, we find that R.C. 2743.48 does not vest exclusive jurisdiction with the Court of Claims for the award of attorney's fees.
 {¶ 17} The award of fees provided in R.C. 2743.48(F)(2) provides for payment to counsel who represented a wrongfully imprisoned person in "the civil action under this section." Under the plain language of R.C.2743.48, "the civil action" referred to in subsection (F)(2) is the action before the Court of Claims. That is, the Court of Claims was granted authority to award attorney's fees based upon work related to the case before that Court. Nothing in the statute provides that the Court of Claims may award fees for the work performed by counsel in another court, the court of common pleas. Accordingly, given that the Court of Claims lacks the statutory authority to fully compensate an attorney who represents a wrongfully imprisoned individual during both stages of the litigation, we cannot find that the Court of Claims has exclusive jurisdiction over the award of attorney's fees.
Hearing
 {¶ 18} Appellant has also asserted that the trial court was required to hold a hearing prior to awarding damages. Again, however, Williams could have raised the issue of whether he was entitled to a hearing on direct appeal of the trial court's judgment. Accordingly, such an argument may not form the basis of his Civ.R. 60(B) motion.
Conclusion
 {¶ 19} In support of his motion to vacate, Williams effectively asked the trial court to reconsider its prior rulings. As noted above, this is an improper use of Civ.R. 60(B). If Williams desired a review of the merits of the trial court's decision, he was obligated to timely file an appeal from that judgment. He failed to do so. Accordingly, he may not relitigate those issues by filing a motion to vacate. The sole remaining substantive basis for Williams' motion, the lack of subject matter jurisdiction, lacks merit. As such, Williams' sole assignment of error lacks merit.
 III {¶ 20} Williams' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. CONCURS
BAIRD, J. CONCURS IN JUDGMENT ONLY
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)