[Cite as *Green v. Clair*, 2014-Ohio-1605.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| CITY OF GREEN | | C.A. No.      26918 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GARY E. CLAIR | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.     CV 1999 07 2610 |

DECISION AND JOURNAL ENTRY

Dated: April 16, 2014

WHITMORE, Judge.

{¶1}   Plaintiff-Appellant, the City of Green ("the City"), appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2}   In July 1999, the City filed suit against Defendant-Appellee, Gary Clair, claiming that a structure on Clair's property at 252 E. Comet Road violated several provisions of the City's zoning code. The City asked the court for both declaratory and injunctive relief. Clair filed a counterclaim alleging harassment and deceit, and a period of contentious discovery commenced. Subsequently, the court granted the City's motion to dismiss Clair's counterclaim.

{¶3}   On April 21, 2000, the court entered a judgment entry incorporating a settlement agreement reached by the parties. The settlement agreement provided, in relevant part, as follows:

2.  It is agreed between the parties that the landowner, Gary Clair, who owns the property in dispute at 252 East Comet Road, within the City of Green, Summit

County, Ohio, and who has built a garage structure on said property, agrees that he will not reside in the garage structure nor permit others to do so. Further, Gary Clair agrees that he will not conduct a business in the garage structure located on this property nor allow others to do so.

3. Further, Gary Clair agrees to abide by all existing City of Green zoning ordinances.

The court retained jurisdiction over the matter for purposes of enforcing the settlement agreement.

**{¶4}** In January 2011, the City filed a motion for contempt, arguing that Clair had violated the terms of the settlement agreement "by moving into and residing in the garage structure" on the property at 252 East Comet Road. Clair responded that he no longer owned 252 East Comet Road and that he was residing at a structure located at 244 East Comet Road. Both parties briefed the contempt issue for the court, and the court held several status conferences on the City's motion. On April 20, 2011, the court issued a judgment entry dismissing the City's motion. The court found that, by its plain language, the settlement agreement only pertained to the structure at 252 East Comet Road, not a structure at 244 East Comet Road.

**{¶5}** Rather than appeal from the trial court's April 20, 2011 judgment entry, the City filed a motion for reconsideration. On April 28, 2011, the court granted the City's motion to reconsider on the ground that the court had not held a hearing before ruling on the City's motion for contempt. The court then held a hearing, at which the parties presented substantial evidence. On June 15, 2011, the court vacated its initial denial of the City's motion for contempt, granted the motion, and ordered Clair to pay attorney fees, as to be determined by the court at a later date. Clair immediately appealed from the trial court's June 15, 2011 entry.

{¶6} The City sought to dismiss Clair's appeal for lack of a final, appealable order, as the trial court had not yet determined the amount of attorney fees to be awarded. Upon review of the record, however, this Court determined that the trial court's June 15, 2011 entry was actually void. *See Green v. Clair*, 9th Dist. Summit No. 26032 (Dec. 21, 2011). We explained that the trial court had no authority to vacate the final judgment that it had entered on April 20, 2011. Specifically, we explained that motions for reconsideration, like the one the City had filed, are legal nullities, as are any judgments or orders flowing therefrom. *Id.* at *1-2, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380-381 (1981). We also noted that the City's motion for reconsideration could not be reclassified as a Civ.R. 60(B) motion for relief, as it "failed to argue or justify relief under any of the five reasons set forth in Civ.R. 60(B)." *Clair* at *2. This Court vacated the trial court's June 15, 2011 order as void and dismissed the appeal for lack of a final, appealable order.

{¶7} After this Court's dismissal, the City filed a Civ.R. 60(B) motion in the trial court, and Clair filed a brief in opposition. The City then renewed its motion on multiple instances. On April 12, 2013, the trial court denied the City's Civ.R. 60(B) motion.

{¶8} The City now appeals and raises four assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II

Assignment of Error Number Two

THE TRIAL COURT ERRED IN FINDING THAT THE CITY OF GREEN DID NOT PROVIDE EVIDENCE ENTITLING THEM (sic) TO RELIEF UNDER RULE 60(B).

Assignment of Error Number Three

THE TRIAL COURT ERRED IN FINDING THAT THE CITY OF GREEN
WAS NOT ENTITLED TO A HEARING ON ITS MOTION FOR CONTEMPT
PURSUANT TO REVISED CODE 2705.05.

{¶9}    In its second and third assignments of error, the City argues that the trial court erred by denying its Civ.R. 60(B) motion.  Specifically, the City argues that the court erred when it: (1) concluded that the City's motion failed to satisfy the grounds for relief from judgment set forth in *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146 (1976); and (2) refused to hold a hearing on the City's motion for contempt.

{¶10}    In its Civ.R. 60(B) motion, the City argued that it was entitled to relief from judgment because: (1) the court had committed a "mistake" by not holding a hearing on the City's motion for contempt; and (2) Clair had committed a "fraud" upon the court by claiming that he was not residing at the same structure that was the focus of the parties' settlement agreement.  *See* Civ.R. 60(B)(1), (3).  The City maintains on appeal that "it was entitled [to] relief under 60(B) because [of] a mistake by the Trial Court in not conducting a hearing on [the City's] Motion for Contempt."  The City notes that, when the trial court conducted a hearing on the City's motion for reconsideration in June 2011, the court was able to conclude that Green had committed fraud by virtue of the evidence presented at the hearing.  Thus, the City argues that, had the court properly afforded it the hearing to which it was entitled on its motion for contempt, it would have prevailed.

{¶11}    "A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus.  "[T]he availability of Civ.R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal.  Therefore, the trial court acts within its discretion in denying a

motion to vacate where the movant attempts to raise matters that should have been raised in a direct appeal." (Internal quotations and citations omitted.) *State ex rel. DeWine v. Helms*, 9th Dist. Summit No. 26472, 2013-Ohio-359, ¶ 10. A trial court's failure to hold a hearing is an issue that is appropriate for direct appeal. *Watkins v. Williams*, 9th Dist. Summit No. 23186, 2007-Ohio-513, ¶ 18. "[S]uch an argument may not form the basis of [a] Civ.R. 60(B) motion." *Id.*

{¶12} Although the trial court denied the City's Civ.R. 60(B) motion on the grounds of the law of the case doctrine or, in the alternative, on its merits, this Court may affirm a judgment that is "legally correct on other grounds." *Cook Family Invests. v. Billings*, 9th Dist. Lorain Nos. 05CA008689 & 05CA008691, 2006-Ohio-764, ¶ 19. The City was not entitled to Civ.R. 60(B) relief because the argument underlying its motion was one that was appropriate for direct appeal. *See Watkins* at ¶ 18; *Sinsky v. Matthews*, 9th Dist. Summit No. 20248, 2001 WL 888378, *3-4 (Aug. 8, 2001). Rather than file a timely appeal, the City filed a motion for reconsideration. "[I]t has long since been the law that motions for reconsideration are legal nullities." *See, e.g., Pitts*, 67 Ohio St.2d at 379 ("Interpretation of the Rules of Civil Procedure and practical considerations warrant our determination that motions for reconsideration of a final judgment in the trial court are a nullity."). The City cannot now use a Civ.R. 60(B) motion as a substitute for the direct appeal it failed to file. Therefore, the City's second and third assignments of error are overruled.

Assignment of Error Number One

THE TRIAL COURT ERRED IN FINDING THAT THE LAW OF THE CASE
BARS GREEN'S MOTION FOR RELIEF UNDER CIVIL RULE 60(B).

Assignment of Error Number Four

THE TRIAL COURT ERRED IN REFUSING TO CONSIDER EVIDENCE AND DOCUMENTATION IN THE COURT'S RECORD; SPECIFICALLY, HEARING TRANSCRIPTS AND DOCUMENTS ADMITTED BY THE COURT IN EVIDENCE AT A HEARING CONDUCTED BY THE COURT WHEN RULING UPON GREEN'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B).

{¶13} In its first assignment of error, the City argues that the trial court erred by concluding that its Civ.R. 60(B) motion was barred by virtue of the law of the case doctrine. In its fourth assignment of error, the City argues that the court erred by refusing to consider the evidence the parties presented at the June 6, 2011 hearing on the City's motion for reconsideration in support of the City's Civ.R. 60(B) motion. In light of our resolution of the City's second and third assignments of error, the City's first and fourth assignments of error are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

III

{¶14} The City's second and third assignments of error are overruled, and its first and fourth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

STEPHEN J. PRUNESKI, Law Director, for Appellant.

GARY CLAIR, pro se, Appellee.