[Cite as *McWilliams v. McWilliams*, 2019-Ohio-2415.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TERRY L. MCWILLIAMS

    Appellee

    v.

WALTER R. MCWILLIAMS

    Appellant

C.A. No.    29172

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2017-05-1420

DECISION AND JOURNAL ENTRY

Dated: June 19, 2019

CALLAHAN, Judge.

{¶1} Walter McWilliams ("Husband") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied his motion for relief from the final Decree of Divorce. For the following reasons, this Court affirms.

I.

{¶2} The McWilliamses were married in 1985 and have four adult children. Terry McWilliams ("Wife") filed a complaint for divorce in May 2017. Wife served Husband via certified mail with the complaint and other filings and orders, including an order scheduling an uncontested divorce hearing on August 22, 2017. Husband appeared pro se and Wife appeared with counsel at that hearing. In accordance with the local rule, the trial court converted the uncontested divorce hearing to a pretrial. Following the pretrial, Husband, pro se, filed a waiver of service of the complaint, but failed to file an answer.

{¶3} A second pretrial was scheduled for November 8, 2017. The day before this pretrial, Wife filed a motion to continue the pretrial asserting that 1) Husband had contacted Wife's attorney and indicated that he was unable to attend the pretrial due to his recent discharge from the hospital, and 2) the parties were close to reaching an agreement. The motion was granted and a new pretrial scheduled for March 7, 2018.

{¶4} In lieu of attending the pretrial on November 8, 2017, Wife drove Husband to her attorney's office where a separation agreement was executed by both of them. A week later, Wife filed a motion to accelerate the final hearing date based upon the executed separation agreement. The trial court granted Wife's motion and scheduled an uncontested divorce hearing on December 12, 2017. Husband did not appear at this hearing, while Wife and her counsel did. The same day, the trial court granted Wife a divorce and approved and incorporated the terms of the separation agreement into the final Decree of Divorce. The clerk of courts issued a Civ.R. 58(B) notice, along with a certified copy of the final Decree of Divorce, by regular mail to Husband on December 12, 2017. No appeal was taken from the final Decree of Divorce.

{¶5} Three months later Husband, through counsel, filed a motion for relief from judgment. The trial court held a hearing and orally denied Husband's Civ.R. 60(B) motion. In its subsequent written decision, the trial court determined that while the motion was timely, Husband failed to establish that he was entitled to relief under one of the provisions of Civ.R. 60(B). Husband has timely appealed, assigning two assignments of error. To facilitate the analysis, this Court will consolidate the assignments of error.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT [HUSBAND'S] MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B).

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT DENIED [HUSBAND] DUE PROCESS OF LAW BY FAILING TO PROVIDE HIM NOTICE OF THE UNCONTESTED DIVORCE HEARING AFTER HE ENTERED AN APPEARANCE IN THE CASE.

{¶6} Husband's assignments of error are premised upon the trial court erring in denying his motion for relief from judgment. Husband's first assignment of error asserts that he was unaware of the accelerated uncontested divorce hearing for various reasons and thus his failure to attend the December 12, 2017 hearing was based upon excusable neglect and Wife's misrepresentations. In the second assignment of error, Husband contends that the December 12, 2017 uncontested divorce hearing was in actuality a default hearing and due process required Wife to provide Husband with notice of the December 12, 2017 uncontested divorce hearing. We do not reach the merits of either argument and instead affirm the trial court's decision on other grounds.

{¶7} The decision to grant or deny a Civ.R. 60(B) motion is reviewed for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). *Accord Jackson v. Coker*, 9th Dist. Summit No. 27123, 2014-Ohio-5114, ¶ 8. "'A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶8} In order to prevail on a Civ.R. 60(B) motion, the movant must establish that: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1) to (5); and (3) the motion is made within a reasonable time, and when filing under Civ.R. 60(B)(1) to (3), the motion is within one year of the judgment or order. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any of these three requirements are not met, the motion must be denied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶9} It is a well-established principle that "Civ.R. 60(B) may not be used as a substitute for appeal." *Doe v. Trumbull Cty. Children Servs. Bd.,* 28 Ohio St.3d 128, 131 (1986). Errors which could have been raised in a direct appeal cannot serve as the basis for a motion for relief from judgment. *Ward v. Hengle*, 134 Ohio App.3d 347, 350 (9th Dist.1999), quoting *Kelm v. Kelm*, 73 Ohio App.3d 395, 299 (10th Dist.1992). Instead, "'Civ.R. 60(B) relief is generally limited to issues that cannot be raised on appeal[,]'" such as errors that are not present in the record. *Naples v. Naples*, 9th Dist. Lorain No. 08CA009420, 2009-Ohio-1427, ¶ 9, quoting *Haas v. Bauer*, 156 Ohio App.3d 26, 2004-Ohio-437, ¶ 25 (9th Dist.) and citing *Harmon v. Harmon*, 9th Dist. Summit No. 11575, 1984 WL 6193, *1 (May 30, 1984). When a trial court denies a Civ.R. 60(B) motion on the merits and does not address the question of whether the issue could have been raised on direct appeal, this Court may nonetheless affirm the judgment because it is "'"legally correct on other grounds."'" *Green v. Clair*, 9th Dist. Summit No. 26918, 2014-Ohio-1605, ¶ 12, quoting *Cook v. Family Invests. v. Billings*, 9th Dist. Lorain Nos. 05CA008689, 05CA008691, 2006-Ohio-764, ¶ 19.

{¶10} Relying upon Civ.R. 60(B)(1), (3), and (5) as the grounds supporting relief from the final Decree of Divorce, the gravamen of Husband's motion was that he did not receive

notice of the December 12, 2017 uncontested divorce hearing. Husband argued that his failure to attend the December 12, 2017 uncontested divorce hearing was "excusable neglect" under Civ.R. 60(B)(1) due to the fact that he was unaware of the hearing date because he did not receive the court order scheduling the hearing or a copy of Wife's motion to accelerate the hearing date, and because he had health problems. Husband also asserted that pursuant to Civ.R. 60(B)(3) Wife misrepresented to the trial court his "acquiescence" to accelerating the hearing date in her motion. Lastly, Husband relied upon Civ.R. 60(B)(5), the catch-all provision, to argue that the uncontested divorce hearing was actually a default hearing and he was denied due process because Wife failed to give him notice of the hearing.

{¶11} Each of Husband's arguments challenged the propriety of the trial court holding the uncontested divorce hearing and the legal correctness of the trial court rendering the final Decree of Divorce when Husband allegedly did not have notice of the hearing. Husband did not need to rely upon evidence outside of the record to allege that he did not receive notice of the uncontested divorce hearing, because the record contained the docket of filings including Wife's motion to accelerate the hearing, the trial court's order scheduling the uncontested divorce hearing, and the service docket of various filings.

{¶12} The record reflects, and Husband does not dispute, that he received notice of and the certified copy of the final Decree of Divorce in December 2017. The issues raised by Husband in his motion for relief from judgment were obvious at that time. Husband could have asserted his arguments regarding his lack of notice of the uncontested divorce hearing in a timely direct appeal of the final Decree of Divorce. *See King v. King*, 55 Ohio App.2d 43, 43-45 (9th Dist.1977) (Husband filed a direct appeal from a final divorce decree arguing that he did not receive notice of the trial pursuant to Civ.R. 75(L).). *See also Nystrom v. Nystrom*, 9th Dist.

Medina No. 1431, 1986 WL 755, *1-2 (Jan. 8, 1986); *Bandell v. Bandell*, 9th Dist. Lorain No. 95CA006177, 1996 WL 199563, *1-2 (Apr. 24, 1996). Instead, Husband sought review of the trial court's judgment through a Civ.R. 60(B) motion, which does not allow for such relief. *See Doe*, 28 Ohio St.3d at 131. Accordingly, the trial court did not err, albeit for a different reason, in denying Husband's Civ.R. 60(B) motion. *See Green*, 2014-Ohio-1605, at ¶ 12 (affirming the denial of a Civ.R. 60(B) motion on alternative grounds).

{¶13} Lastly, Husband argues for the first time on appeal that the Decree of Divorce was entered based solely upon the testimony of Wife and without other credible evidence in contradiction of Civ.R. 75(M). This Court, however, will not consider new arguments presented for the first time on appeal. *See Bank of New York Mellon Trust Co v. Bowers*, 9th Dist. Lorain No. 12CA010289, 2013-Ohio-5488, ¶ 9, 11.

{¶14} Husband's first and second assignments of error are overruled.

III.

{¶15} Husband's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROBERT ROE FOX, Attorney at Law, for Appellant.

JOY S. WAGNER, Attorney at Law, for Appellee.