**[Cite as *In re S.L.M.*, 2019-Ohio-5403.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: S.L.M.

C.A. No. 29482

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DN 18 09 0921

DECISION AND JOURNAL ENTRY

Dated: December 31, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, D.D. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that vacated its prior judgment that placed S.L.M. in the legal custody of Father. This Court reverses and remands.

I.

{¶2} Father and Mother are the biological parents of S.L.M., born February 24, 2009. Mother has two other children who were parties to the trial court case, but they are not Father's children and are not parties to this appeal.

{¶3} On September 20, 2018, Summit County Children Services Board ("CSB") filed a complaint, alleging that S.L.M. was a neglected and dependent child because Mother was abusing drugs and otherwise failing to meet the child's needs. CSB sought an initial disposition of temporary custody to Father, who did not live with Mother, with protective supervision by CSB. Father was granted emergency temporary custody the same day.

{¶4} S.L.M. was later adjudicated a neglected and dependent child and placed in the temporary custody of Father. Shortly afterward, Father moved for legal custody of S.L.M. On February 25, 2019, the trial court issued an order scheduling a review hearing for March 15, 2019, and explained that Father's motion for legal custody would be considered at that hearing. Because Mother was not then represented by counsel, the order further stated that "[i]t is important that Mother immediately see the bailiff and submit an application for the appointment of an attorney."

{¶5} Upon the motion of the guardian ad litem, the hearing was continued until May 1, 2019. At the May 1 hearing before a magistrate, Mother appeared and requested a continuance so she could obtain counsel. The magistrate orally denied Mother's request for a continuance and proceeded with the hearing on Father's motion for legal custody. The magistrate did not file a dispositional decision, however, until several weeks later.

{¶6} In the meantime, Mother requested and was appointed trial counsel. On May 31, 2019, the magistrate's dispositional decision was filed. The decision, which was adopted the same day by the trial court, placed S.L.M. in the legal custody of Father. It is unclear from the record whether the magistrate's decision was served on Mother's newly appointed trial counsel.

{¶7} After the hearing but before the magistrate's decision was filed, Mother filed pro se objections to the magistrate's decision. The Ohio Supreme Court has held that premature objections to a magistrate's decision are deemed filed as of the date of the magistrate's decision and should be considered on the merits. *See Gordon v. Gordon*, 98 Ohio St.3d 334, 2003-Ohio-1069, syllabus. The trial court waited until after the magistrate's decision was filed and allowed Mother time to request a transcript of the hearing. Because Mother did not supplement her objections with a transcript of the proceedings, the trial court did not consider her objections on

the merits. The trial court overruled Mother's pro se objections and placed S.L.M. in the legal custody of Father on June 25, 2019.

{¶8} Mother did not appeal from the trial court's final judgment. Instead, on July 8, 2019, Mother's appointed trial counsel filed a "Motion for Leave and Reconsideration." Counsel stated that she had not received a copy of the magistrate's decision and initial trial court order awarding Father legal custody and, therefore, she had not filed timely objections to the magistrate's decision. Counsel further asserted that it was not until she received the trial court's June 25 judgment overruling Mother's pro se objections that she realized that the magistrate had issued a decision on the legal custody motion. She gave no further details about the alleged defect in service, nor did she attach an affidavit or any other evidence to support her assertions that she had not been served with the magistrate's decision. Counsel requested leave to have a transcript prepared and to file proper objections to the magistrate's legal custody decision.

{¶9} The trial court construed the motion as a motion for relief from judgment filed pursuant to Civ.R. 60(B) and granted the motion. The trial court vacated the legal custody judgment and granted Mother's counsel time to obtain a transcript of proceedings and file objections on behalf of Mother. Father appeals and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING MOTHER'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B).

{¶10} Father's sole assignment of error is that the trial court erred in granting Mother relief from judgment under Civ.R. 60(B). Mother's motion was captioned as a motion for reconsideration and leave to file a transcript and objections to the magistrate's decision. As

Father correctly asserts, a motion for reconsideration of a final trial court judgment is a nullity, as "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in [the Ohio Civil] rules." Civ.R. 60(B). A trial court has authority to provide relief from a final judgment only "by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment)." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981).

{¶11} Although Mother did not caption her motion as one filed pursuant to Civ.R. 60(B), the trial court was permitted to construe her motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12; *see also Jones v. Jones*, 4th Dist. Athens No. 14CA33, 2015-Ohio-3650, ¶ 13 (applying *Schlee* in a civil case). The trial court construed Mother's motion as one filed pursuant to Civ.R. 60(B).

{¶12} To prevail on a Civ.R. 60(B) motion to vacate judgment, however, a movant must demonstrate: (1) a meritorious defense or claim to present if relief is granted; (2) that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) that the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150 (1976). The determination of whether relief should be granted is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶13} Mother's sole claim to support her motion was that her trial counsel was appointed after the hearing, for the purpose of filing objections to the magistrate's decision, but that her counsel never received a copy of the decision. Based upon the alleged defect in service, counsel sought leave to file objections to the magistrate's decision.

{¶14}   On appeal, Father asserts that Mother could have raised the lack of proper service issue on appeal and Civ.R. 60(B) cannot be used as a substitute for appeal.  *See*, *e.g.*, *McWilliams v. McWilliams*, 9th Dist. Summit No. 29172, 2019-Ohio-2415, ¶ 12.  A defect in service may be raised on appeal if it can be demonstrated on the face of the trial court record.  In this case, however, the record is unclear about whether Mother's counsel was served with the magistrate's decision, as it includes instructions from the trial court to serve all parties and their counsel, but Mother's counsel is not listed on the address list included in the record at that time.

{¶15}   This Court has recognized that if a party otherwise complies with the requirements of *GTE Automatic* and presents evidence outside the record to demonstrate that her failure to meet a filing deadline was caused by of a lack of notice of a trial court's order, Civ.R. 60(B) relief may be appropriate.  *See Kowalski v. Smith*, 9th Dist. Wayne No. 11CA0056, 2012-Ohio-2974, ¶ 14.  Mother would not have been able to obtain relief on appeal if her argument relied on evidence outside the record.  *See*, *e.g.*, *In re T.R.*, 9th Dist. Summit No. 28619, 2018-Ohio-1144, ¶ 8 (emphasizing that this Court's appellate review is necessarily confined to the trial court record).

{¶16}   Mother did not support her motion with any detailed explanation about her failure to receive timely service, however, nor did she attach any evidence to demonstrate that her counsel was not served.  "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief."  *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996).  Mother's motion included nothing more than bare allegations that her trial counsel was not timely served with the magistrate's decision.

{¶17} Consequently, the trial court erred in granting Mother relief under Civ.R. 60(B) without anything other than bare allegations to support her motion. For these reasons, Father's assignment of error is sustained.

III.

{¶18} For the reasons explained above, the assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.

DENISE FERGUSON, Attorney at Law, for Appellee.

ANNETTE POWERS, Guardian ad Litem.